J-M06008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN D. SCHEIVERT | : | |
| | : | |
| Petitioner | : | No. 31 MDM 2024 |

Appeal from the Order Entered August 29, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002717-2022

BEFORE:  SULLIVAN, J., LANE, J., and BENDER, P.J.E.

JUDGMENT ORDER BY BENDER, P.J.E.:          **FILED: JANUARY 28, 2025**

Petitioner, Shawn D. Scheivert, files a purported petition for specialized review ("Petition") following the denial of his petition for writ of *habeas corpus* in the York County Court of Common Pleas.  Upon review of the court of common pleas dockets, we conclude that because Petitioner's probation was revoked at docket CP-67-CR-0002717-2022 ("docket 2717"), and Petitioner pleaded guilty and was sentenced at docket CP-67-CR-0000172-2024 ("docket 172"), this matter is resolved and Petitioner's issue is moot.

Petitioner pled guilty on August 16, 2022, at docket 2717 to one count of simple assault, resulting in a sentence of two years' restrictive probation ("2022 Probation"), including four months' incarceration at York County Prison

and three months' house arrest.[1]  On December 22, 2023, Petitioner was arrested on new charges of terroristic threats and simple assault, with a charge of resisting arrest later added to the Commonwealth's information at docket 172.  The York County Probation Department thereafter filed a petition to revoke Petitioner's 2022 probation at docket 2717 and lodged a detainer against him.  The trial court issued a detainer order on January 23, 2024, and listed the new charges at docket 172 for trial in the June 2024 term.

Petitioner sought and received two continuances of his violation of probation ("VOP") hearing, with the final hearing date set for November 13, 2024.  On August 19, 2024, he filed the underlying petition for writ of *habeas corpus*, arguing that his term of restrictive probation expired on August 16, 2024, which would have rendered his detention illegal.  The trial court held a hearing on August 29, 2024, after which the court entered an order denying the petition.  The court thereafter scheduled a bail-modification hearing for October 11, 2024, at docket 172.

Petitioner filed the instant Petition on September 26, 2024.  At that time, Petitioner's VOP hearing was scheduled for November 13, 2024.  Petitioner, however, pleaded *nolo contendere* at docket 172 on October 11, 2024, and the court sentenced him that same day to a flat term of one year probation. That same day, Petitioner was also sentenced to 6 to 23 months' incarceration

---

[1] The initial sentence of three years' restrictive probation was later deemed illegal because it exceeded the maximum sentence, resulting in a reduction to two years' restrictive probation.

at docket 2717, with "original conditions [to] remain in effect, [Petitioner to be] released from [York County Prison] forthwith, [and Petitioner] … to [report] to probation on 10/15/24 by 10 am and complete a parole plan at that time." Disposition Sentencing/Penalties Section, 10/11/24, at 1 (docket 2717; unnecessary capitalization omitted). It therefore appears that Petitioner's probation at docket 2717 was revoked.

Based on this procedural history, we conclude that the claim Petitioner raises herein — *i.e.*, that it was improper to detain him after his term of probation had expired — has become moot.

> An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law[.] In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue[,] the court cannot enter an order that has any legal force or effect.
>
> * * *
>
> Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*In re R.D*., 44 A.3d 657, 680 (Pa. Super. 2012).

Upon review of the Petition, and dockets 2717 and 172, we conclude that none of the exceptions above applies to the extent necessary to conduct a full analysis of Petitioner's issue. The circumstances that led to the filing of his petition for writ of *habeas corpus*, that is, Petitioner's disagreement with

the trial court's interpretation of his original probationary term for purposes of the detainer, is exclusive to the facts pertaining to Petitioner. Although Petitioner argues that the detainer order constituted an improper extension of his sentence at docket 2717, we do not deem the issue to be sufficiently substantial or capable of repetition so as to necessitate review after it has become moot, nor do we find that Petitioner will be subject to detriment. Because the detainer order that was the subject of the petition for writ of *habeas corpus* is no longer in effect, we deem the issue to be moot. Accordingly, we dismiss the Petition.[2]

Petition dismissed as moot.


Judgment Entered.


_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>1/28/2025</u>

---

[2] We observe that Petitioner seeks specialized review pursuant to Chapter 16 of the Pennsylvania Rules of Appellate Procedure. However, Chapter 16 currently provides for only two types of orders to receive specialized review by this Court: bail orders prior to sentencing, and out-of-home placement orders after an adjudication of delinquency of a juvenile. **See** Pa.R.A.P. 1610, 1612. In light of our conclusion that Petitioner's underlying issue is moot, we need not determine if Chapter 16 permits specialized review of the order denying his petition for writ of *habeas corpus*.